IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THE ESTATE OF JESSIE HALL SULLINS,
BY AND THROUGH JOHN SULLINS,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JESSIE HALL SULLINS, AND FOR THE USE
AND BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF JESSIE HALL SULLINS                                                    PLAINTIFF

VS.                                                                                                          NO. 1:04CV355-D-D

BEVERLY ENTERPRISES, INC., et al.                                                           DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the Court is the Plaintiff's motion to remand. Upon due consideration, the Court finds the motion shall be granted.

*A. Factual Background*

On August 25, 2004, the Plaintiff filed a complaint in the Circuit Court of Lee County, Mississippi seeking damages arising out of the alleged wrongful death of Jessie Hall Sullins. In November of 2004, the Defendants removed the dispute alleging the existence of complete diversity among the properly joined Defendants. The Defendants assert that the non-diverse nursing home administrator has been fraudulently joined. For reasons discussed below, the Court does not agree.

*B. Standard for Review*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists

"where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states ..." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

In the case sub judice, the Plaintiff and Defendant Deborah Spence are considered residents of Mississippi. This fact, however, will not destroy federal jurisdiction if the Court finds that Spence has been fraudulently joined in order to defeat diversity. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002). However, should the Court find that the non-diverse Defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. See Travis v. Irby, 326 F.3d 644 (5th Cir. 2003).

The party alleging fraudulent joinder bears the burden of persuasion and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either outright fraud in the plaintiff's recitation of jurisdictional facts, or that there is no reasonable possibility the plaintiff will be able to establish a cause of action against the in-state defendant in state court. Travis, 326 F.3d at 647-48.

The Defendants do not allege outright fraud, so the Court must determine whether there is no reasonable possibility that the Plaintiff will be able to establish a cause of action against the non-diverse Defendant in state court. In making this determination, the Court must evaluate all of the factual allegations in the state court pleadings in the light most favorable to the Plaintiff. Further, the Court must examine relevant state law and resolve any uncertainties in favor of the Plaintiff. Hart, 199 F.3d at 246. In evaluating a claim of fraudulent joinder, the Court does not focus on

whether the Plaintiff will prevail on the merits of her claims. Instead, the Court determines whether there is an arguable reasonable possibility that Plaintiff will be able to state a claim against the non-diverse Defendant. Travis, 326 F.3d at 648.

*C. Discussion*

Whether a case states a cognizable claim against a defendant is determined by reference to the allegations made in the original pleadings, although the Court may "pierce" those pleadings in making its determination. B, Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In the case at bar, it is alleged that Defendant Spence "was the administrator at Beverly Healthcare-Eason on or about the dates relevant to this lawsuit." Other than this one paragraph, the generalized complaint does not specifically refer to Spence. Unlike the Plaintiff's comprehensive motion to remand wherein she relies upon the Fifth Circuit's recent decision in Gray v. Beverly Enter.-Miss., Inc., 390 F.3d 400 (5th Cir. 2004) for the proposition that nursing home administrators and licensees are amenable to suit. In response, the Defendants do not address the merits of the motion but instead insist that the entire dispute should be stayed pending the outcome of Gray which has been remanded to state court and/or the outcome of an appeal pending at the Fifth Circuit in another factually similar case. Additionally, the Defendants assert that because the disposition of these cases is not final the law in Mississippi regarding nursing home administrators' liability is not settled.

First, it is instructive to discuss the recent Gray holding. In Gray, the plaintiffs consisted of injured nursing home residents who alleged various state law claims against the nursing home owners, licensees and administrators. 390 F.3d at 402. The defendants removed the dispute to federal court arguing that the in-state defendants were fraudulently joined. Id. The district court ruled that the non-diverse defendants were fraudulent joined and denied remand. Id. The plaintiffs

filed an interlocutory appeal and the Fifth Circuit found that the law regarding liability of nursing home licensees and administrators was at least "ambiguous." Id. Resolving all ambiguities in favor of remand, the court reversed and held that, despite the absence of definitive state precedent, the plaintiffs had a reasonable possibility of recovery in state court. Id. at 408. As the Defendants have pointed out, Gray has not been finally resolved in state court.

Notwithstanding Gray's disposition, the Court is compelled to review the jurisdictional facts as they existed at the time of removal. Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 n.8 (5th Cir. 1995) ("[i]n removal cases, jurisdiction is determined by examining the plaintiff's complaint at the time of removal."). At the time of removal, as noted in Gray, the law in Mississippi with regard to an administrator's amenability to suit was unsettled. Today, without a pronouncement from a Mississippi state court, the law is no more clear but the Fifth Circuit has at least clarified that the facts of this case do not provide a basis for removal. Therefore, despite or because of Gray, there is an arguable reasonable possibility that the Plaintiff can state a claim against Spence, the non-diverse administrator.

The Defendants' request that this case be stayed pending resolution of Gray or other similar cases is not persuasive. Under this logic, assuming the Gray case was unexpectedly settled, the present case could be stayed indefinitely and the Court would have no more guidance on the issues than it does today. Certainly, this would not be an expedient means to effectively propel and dispose of disputes. Therefore, construing all ambiguities, as they existed at the time of removal, in favor of remand, the Court cannot say that the Plaintiff has no reasonable possibility of maintaining state law claims against the non-diverse administrator. Rather, the Court finds that the non-diverse

Defendant has not been fraudulently joined.

*D. Conclusion*

In sum, the Court finds that the Defendants have not maintained their burden of persuasion by showing the absence of a reasonable possibility of the Plaintiff's ability to state a claim against the non-diverse Defendant. In accordance with Gray v. Beverly Enter.-Miss., Inc., 390 F.3d 400 (5th Cir. 2004), the Court concludes that Defendant Spence has not been fraudulently joined. The Plaintiff's motion to remand should be granted and this cause should be remanded to the Circuit Court of Lee County, Mississippi.

A separate order in accordance with this opinion shall issue this day.

This the 29th day of April 2005.

/s/ Glen H. Davidson
Chief Judge